THOMPSON, J.
 

 The Constitution of 1921 directed the Legislature to provide for the establishment and maintenance of a system of hard-surface state highways to be under the supervision of the board of state engineers.
 

 In obedience to this mandate, the Legislature, at a special session in 1921 adopted Act No. 95, providing for a highway commission, for the selection of a state highway engineer, and created a system of hard-surface state highways to be constructed and maintained out of the general highway funds. The statute provided that the state highway system should consist of certain designated highways to be constructed along certain designated routes numbered from 1 to 98, both inclusive. The number of such highways was increased by subsequent legislation.
 

 Among the
 
 original designated roads was No. 10, which was to begin at Arkana on the state line of Arkansas and terminate at Natchitoches.
 

 The road was to run through Plain Dealing, Benton, Bossier City, Curtis, Taylor-town, Crichton, Coushatta, Red Oak, Grappes Bluff, and Campti.
 

 The act provided that the highways so designated should extend as nearly as possible along the routes named, subject to more specific detailed location to be determined by the highway commission. It was declared, however, that, in fixing such definite and detailed
 
 *866
 
 routes, the said highways shall touch the various cities, towns, and villages named as points through which such routes were to pass. It was further provided that the location and designated routing, as made in the act, may he altered and amended by the highway commission to such an extent and in such manner as may be necessary to meet any requirements that may be made by the federal government in granting aid in road construction.
 

 It was further provided that, whenever the engineering difficulties, or the financial cost of construction, in the opinion of the commission, render the construction of any road inadvisable, it shall not undertake such work.
 

 In December, 1929, the highway commission entered into a contract with Hearin, Andrews, and Hearin for $73,517.71 to grade and drain what is known as project No. 1702, being a portion of highway No. 10 as previously herein named.
 

 The project so located and on which work had actually begun by the contractors is not in accordance with the route as designated by the Legislature. It deviates from and does not touch the town of Crichton, but leaves said town oif of the established .route a distance of some three miles.
 

 The plaintiffs are owners of real estate abutting route No. 10, and one of them lives in the town of Crichton. They bring this suit to restrain the highway commission from letting any other contracts for work on project No. 1702 and from designating or establishing route No. 10 in any other manner than to touch the towns and villages named on said route No. 10, including the town of Crichton.
 

 An exception of no cause and of no right of action was filed, and, after a hearing, was sustained, and plaintiff’s suit was dismissed.
 

 The sole basis for the exception and the sole argument in support thereof is that the discretionary power of the highway commission is absolute and cannot be controlled or inter-. fered with by an injunction at the instance of one dissatisfied with the commission’s judgment.
 

 The contention is predicated on the proviso in the statute “that whenever the engineering difficulties or financial cost of construction in the opinion of the Commission render the construction of any road inadvisable, it shall not undertake such work.”
 

 It is not contended that the federal government has refused to grant aid to the road to be run through the town of Crichton; indeed, it is alleged in the petition that the matter has never been submitted to the federal government.
 

 The petition alleges that the action of the commission in locating project 1702 so as to leave Crichton off of the route is in violation of the statute designating and establishing said route No. 10.
 

 The highway commission is a creature of the Legislature, and, while it is vested with much discretion in the matter of laying out, establishing, and maintaining highways, it has not been given absolute and unlimited dis-
 
 v
 
 eretion in the location and routing of the hard-surface highways as designated by the Legislature.
 

 The Legislature itself has named the highways to be hard surfaced by the commission, and in that designation it has declared that the highways so designated shall touch the various cities, towns, and villages named as points through which such routes shall pass.
 

 -Subject to more specific detailed location _ to be determined by the commission, the routes established are required to extend as
 
 *868
 
 near as possible along the routes
 
 named in the
 
 statute.
 

 This legislative will is supreme and binding on the commission, and must be followed in so far as such routes are required to touch the towns and villages named.
 

 The routes designated by the Legislature cannot be ehangéd or altered by the commission so as to leave the towns off of the route, unless the engineering difficulties or the financial cost of construction of the route named render such construction inadvisable, or it becomes necessary to change the route to meet federal requirements as a condition precedent to receiving federal aid.
 

 The petition having alleged that the commission was proceeding in violation of the act of the Legislature in locating route No. 10, or a portion thereof, so as to leave the town of Crichton off of said route, it is incumbent on the highway commission to show that its action was justified under the proviso of the statute referred to. It was not required of the plaintiffs to allege that the building of the route designated by the Legislature was not inadvisable because of engineering difficulties or, of financial cost. That is a matter of defense and not of affirmative allegation and proof on the part of plaintiffs.
 

 If on a trial of the case the defendants can justify their action under the proviso referred to, then the courts will find no difficulty in sustaining the exercise of the discretion in refusing to locate the road as designated by the Legislature.
 

 Unless, however, such showing is made, the commission must follow the legislative will.
 

 The judgment appealed from is set aside, the exception of no cause and of no right of ■ action is overruled, and the case is remanded to be proceeded with according to law and consistent with the views herein expressed.